UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

____

M<span>ICHAEL</span> S<span>HAVERS</span>,

           Plaintiff,           Case No. 2:21-cv-165

v.                                   Honorable Paul L. Maloney

U<span>NKNOWN</span> B<span>OWERMAN</span> et al.,

           Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint[1] against Defendants Bauman, Lancour, Contreras, and Patila for failure to state a claim. Plaintiff's Eighth Amendment claim and state law claims against Defendant Bowerman for the use of excessive force on March 9, 2018, remains.

---

[1] As set forth below, the Court will grant Plaintiff's motion for leave to file an amended complaint.

**Discussion**

I. **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains, however, occurred at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. Plaintiff sues the following LMF personnel: Warden Catherine Bauman, Grievance Coordinator Unknown Lancour, Inspector Unknown Contreras, Administrative Assistant Unknown Patila, and Corrections Officer Unknown Bowerman.

Plaintiff alleges that on March 9, 2018, while he was working in the chow hall, Defendant Bowerman used excessive force, shoving Plaintiff in the back during a shakedown. Plaintiff had a preexisting back condition that was significantly aggravated by Defendant Bowerman's use of force. Plaintiff has received treatment for the injury and continues to suffer pain.

Plaintiff filed a grievance against Defendant Bowerman. The processing of the grievance did not follow the normal course. The grievance was referred for an internal investigation that was conducted by Defendant Contreras. Concerned about properly exhausting his administrative remedies, Plaintiff spent months attempting to pursue a grievance that was never processed as a grievance. Plaintiff contends that Defendants transferred him from LMF to frustrate his attempts to exhaust his administrative remedies. Plaintiff sues Defendants Bauman, Lancour, Contreras, and Patila for failing to properly process his grievance or investigate the incident.

Plaintiff seeks compensatory and punitive damages against Defendant Bowerman for the excessive use of force in violation of Plaintiff's Eighth Amendment rights and for the state-law tort of assault and battery. Plaintiff also asks the Court to excuse any failure to exhaust

administrative remedies because of the other Defendants' failures to make the MDOC's administrative remedies available to Plaintiff.

## II. Pending motions

Plaintiff has filed several motions, including motions for an order to preserve evidence (ECF Nos. 2, 15), a motion for extension of time regarding payment of the filing fee (ECF No. 9), a motion for service of the complaint by the United States Marshal (ECF No. 10), and a motion to amend the complaint (ECF No. 14).

### A.   Motion to amend

Plaintiff seeks leave of the Court to file an amended complaint with exhibits. He attaches the proposed amended complaint and exhibits to the motion.

Federal Rule of Civil Procedure 15 provides that a party may amend its pleadings once as a matter of course before a responsive pleading is served; thereafter, a party may amend by leave of court and "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Whether by right or by leave, the Court will permit Plaintiff to file the proposed amended complaint with exhibits. The Court will direct the Clerk to file Plaintiff's proposed amended complaint with exhibits (ECF No. 14, Attachments 1, 2, and 3), as Plaintiff's first amended complaint.

### B.   Motions to preserve evidence

Plaintiff reports that during an interview with Defendant Contreras relating to the internal investigation of his complaint against Defendant Bowerman, Contreras referenced a CD containing a video recording of the incident. Plaintiff was not permitted to view the video. Plaintiff asks the Court to enter an order directing Defendants to preserve that evidence. The Court will grant Plaintiff's motion.

      **C.**      **Motion for an extension to pay the filing fee**

By order entered July 20, 2021, the Court notified Plaintiff that he had failed to pay the filing fee or seek leave to proceed in this Court *in forma pauperis*. (ECF No. 5.) The Court directed Plaintiff to correct the deficiency on or before August 17, 2021. Plaintiff apparently arranged to have another person pay the filing fee, but because he could not be certain of the timing of the payment, he requested an extension. The other person paid the filing fee on Plaintiff's behalf on August 12, 2021. Therefore, an extension is unnecessary and Plaintiff's motion will be denied as moot.

      **D.**      **Motion for service by the United States Marshal**

Plaintiff asks the Court to arrange for service of the complaint by the United States Marshal. Service of process by officers of the court is a privilege for litigants granted *in forma pauperis* status by the Court. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). Plaintiff is not proceeding *in forma pauperis* in this case. The Court will issue process, as appropriate, but Plaintiff will be responsible for service. Therefore, Plaintiff's motion for service by the United States Marshal will be denied.

**III.**      **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Bowerman

Plaintiff alleges that Defendant Bowerman, without provocation or justification, gave Plaintiff a violent shove in the back during a shakedown. The shove was significant enough to cause Plaintiff significant pain, likely because of a preexisting condition, and the resulting injury continues to require treatment and accommodation. Plaintiff contends that Bowerman's action violated Plaintiff's Eighth Amendment rights.

5

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "'evolving standards of decency.'" *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "'involve the unnecessary and wanton infliction of pain.'" *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "'totally without penological justification.'" *Id.*

But not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (holding that "[n]ot every push or shove . . . violates a prisoner's constitutional rights") (internal quotations omitted). On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)), *quoted in Cordell v. McKinney*, 759 F.3d 573, 580–81 (6th Cir. 2014). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App'x. 579, 582 (6th Cir. 2011).

The Court concludes that Plaintiff's allegations regarding Defendant Bowerman's conduct raises a plausible claim that Bowerman used excessive force. Accordingly, Plaintiff has stated an Eighth Amendment claim against her.

### B. Defendants Bauman, Lancour, Contreras, and Patila

Plaintiff does not contend that Defendant Bauman, Lancour, Contreras or Patila are somehow liable for Defendant Bowerman's actions on March 9, 2018. It appears Plaintiff named

6

them as defendants because they failed to properly respond to Plaintiff's grievance regarding the matter and Plaintiff wants the Court to determine that administrative remedies were effectively unavailable such that Plaintiff should not be required to exhaust administrative remedies before proceeding against Defendant Bowerman. (Proposed Am. Comp., ECF No. 14-1, PageID.131.)

Whether or not Plaintiff exhausted available administrative remedies is an issue not typically amenable to resolution on initial screening pursuant to 28 U.S.C. § 1915A or 42 U.S.C. § 1997e. In *Jones v. Bock*, 548 U.S. 199 (2007), the Supreme Court explained that there was no requirement that a prisoner plead exhaustion of administrative remedies to survive screening under the PLRA:

> Before the PLRA, the *in forma pauperis* provision of § 1915, applicable to most prisoner litigation, permitted *sua sponte* dismissal only if an action was frivolous or malicious. 28 U.S.C. § 1915(d) (1994 ed.); *see also Neitzke*, 490 U.S., at 320, 109 S. Ct. 1827 (concluding that a complaint that fails to state a claim was not frivolous under § 1915(d) and thus could not be dismissed *sua sponte*). In the PLRA, Congress added failure to state a claim and seeking monetary relief from a defendant immune from such relief as grounds for *sua sponte* dismissal of *in forma pauperis* cases, § 1915(e)(2)(B) (2000 ed.), and provided for judicial screening and *sua sponte* dismissal of prisoner suits on the same four grounds, § 1915A(b); 42 U.S.C. § 1997e(c)(1). Although exhaustion was a "centerpiece" of the PLRA, *Woodford*, 548 U.S., at 84, 126 S. Ct. 2378 (slip op., at 1–2), failure to exhaust was notably not added in terms to this enumeration. There is thus no reason to suppose that the normal pleading rules have to be altered to facilitate judicial screening of complaints specifically for failure to exhaust.

*Id*. at 214. Instead, "failure to exhaust is an affirmative defense under the PLRA . . . ." *Id*. at 216. Therefore, plaintiffs are not required to specially plead it and defendants may, by their action or inaction waive it. *Id*. But, where a plaintiff's allegations, on their face, show that relief is barred by an affirmative defense, a complaint is properly dismissed for failure to state a claim. *Id*. at 215; *see also Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (quoting *Jones v. Bock*).

The exhaustion requirement is not absolute. The statute requires exhaustion of administrative remedies that are available. 42 U.S.C. § 1997e(a). Plaintiff's allegations call into

7

question whether administrative remedies were available to him to resolve his complaint against Defendant Bowerman. Accordingly, accepting Plaintiff's allegations as true—as the Court must at this stage of the proceedings—the face of Plaintiff's complaint does not show that relief is barred by the affirmative defense.

Although the exhaustion requirement will remain an issue in this case, that does not support naming the persons involved in the exhaustion process as defendants. The Defendants' failure to respond to Plaintiff's grievance or his other complaints does not render them liable for Defendant Bowerman's conduct. A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The only actions alleged by Plaintiff with regard to Defendants Bauman, Lancour, Contreras, and Patila relate to the handling of Plaintiff's complaint regarding Bowerman, either as a grievance or as the subject of an internal investigation. But Defendants are not constitutionally required to afford Plaintiff a grievance process and, even if they do provide such a process, they are not constitutionally compelled to process a grievance or otherwise respond to a complaint.

Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison

grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

Plaintiff has a First Amendment right to petition the government for redress of grievances, but that does not require the government to respond. The First Amendment right to petition the government for redress stops the government from generally prohibiting expressions in the form of petitions for redress and from imposing sanctions on one who petitions for redress. *Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 464 (1979). In *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), the Sixth Circuit explained the nature of the right:

> The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. "The right to petition is cut from the same cloth as the other guarantees of that Amendment, and is an assurance of a particular freedom of expression." *McDonald v. Smith*, 472 U.S. 479, 482 (1985). The First Amendment protects Apple's right to petition, but his suit is founded completely on a mistaken reading of that Amendment. A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.

*Apple*, 183 F.3d at 479; *see also BPNC, Inc. v. Taft*, 147 F. App'x 525, 531 (6th Cir. 2005) ("The purpose of the Petition Clause, though, is to ensure that citizens may communicate their will through direct petition to the legislature and government officials."). Thus, Plaintiff has a First Amendment right to submit complaints about prison officials, *Herron v. Harrison*, 203 F. 3d

9

410,415 (6th Cir. 2000), but the amendment does not require the government to consider, respond to, or grant relief on those complaints.

Moreover, Defendants' actions have not barred Plaintiff from seeking a remedy for his grievances. *See Cruz v. Beto*, 405 U.S. 319, 321 (1972). "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit [or in Plaintiff's case, inhibit] only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415–16 (6th Cir. 2014) (citing *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances, and he therefore cannot demonstrate the actual injury required for an access-to-the-courts claim. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821–24 (1977). The exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 136 S. Ct. 1850, 1858–59 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470–71 (6th Cir. 2001).

Thus, Plaintiff has failed to allege any active unconstitutional conduct by Defendants Bauman, Lancour, Contreras, or Patila. Plaintiff's claims against those Defendants will be dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Bauman, Lancour, Contreras, and Patila will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claim against Defendant Bowerman for the use of excessive force on March 9, 2018, and any related state-law claims, remain in the case.

An order consistent with this opinion will be entered.


Dated:   February 2, 2022                               /s/ Paul L. Maloney
                                                                   Paul L. Maloney
                                                                   United States District Judge